IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

DEBORAH SUE ZIMMER )
) No. 15-21
v.

CAROLYN W. COLVIN

## OPINION AND ORDER

### SYNOPSIS

Plaintiff filed an application for supplemental social security income and disability benefits, alleging disability due to mental and physical impairments. Plaintiff's claim was denied initially, and upon hearing before an administrative law judge ("ALJ"). The Appeals Council denied her request for review. Before the Court are the parties Cross-Motions for Summary Judgment. For the following reasons, Plaintiff's Motion will be denied, and Defendant's granted.

### OPINION

#### I. STANDARD OF REVIEW

Judicial review of the Commissioner's final decisions on disability claims is provided by statute. 42 U.S.C. §§ 405(g) 6 and 1383(c)(3)7. Section 405(g) permits a district court to review the transcripts and records upon which a determination of the Commissioner is based, and the court will review the record as a whole. See 5 U.S.C. §706. When reviewing a decision, the district court's role is limited to determining whether the record contains substantial evidence to support an ALJ's findings of fact. Burns v. Barnhart, 312 F.3d 113, 118 (3d Cir. 2002). Substantial evidence is defined as "such relevant evidence as a reasonable mind might accept as adequate" to support a conclusion. Ventura v. Shalala, 55 F.3d 900, 901 (3d Cir. 1995) (quoting Richardson v. Perales, 402 U.S. 389, 401, 91 S. Ct. 1420, 28 L. Ed. 2d 842 (1971)). If the ALJ's

1

findings of fact are supported by substantial evidence, they are conclusive. 42 U.S.C. § 405(g); Richardson, 402 U.S. at 390.

A district court cannot conduct a de novo review of the Commissioner's decision, or re-weigh the evidence of record; the court can only judge the propriety of the decision with reference to the grounds invoked by the Commissioner when the decision was rendered. Palmer v. Apfel, 995 F.Supp. 549, 552 (E.D. Pa. 1998); S.E.C. v. Chenery Corp., 332 U.S. 194, 196 - 97, 67 S. Ct. 1575, 91 L. Ed. 1995 (1947). Otherwise stated, "I may not weigh the evidence or substitute my own conclusion for that of the ALJ. I must defer to the ALJ's evaluation of evidence, assessment of the credibility of witnesses, and reconciliation of conflicting expert opinions. If the ALJ's findings of fact are supported by substantial evidence, I am bound by those findings, even if I would have decided the factual inquiry differently." Brunson v. Astrue, 2011 U.S. Dist. LEXIS 55457 (E.D. Pa. Apr. 14, 2011) (citations omitted).

**II. THE PARTIES' MOTIONS**

Plaintiff's Motion rests on her contentions that the ALJ erred in finding, at step two of the sequential analysis, that her impairments were not "severe," and on the ALJ's decision to reject the opinions of two consulting medical sources.

Plaintiff contends that the ALJ failed to properly support his decision to afford no weight to the opinion of Dr. Landefield, an examining agency consultant, and to afford little weight to the opinion of Dr. Schiller, a non-examining consultant. The ALJ concluded that Dr. Landefeld's statement that Plaintiff was moderately limited in some areas and markedly limited in others was inconsistent with Plaintiff's activities of daily living, unremarkable mental status examinations, and her part-time job. Dr. Schiller found moderate impairments in social functioning and concentration, persistence, or pace. The ALJ found Plaintiff's mental

2

impairments not severe, and arrived at a residual functional capacity assessment ("RFC") that contained no non-exertional limitations.

An ALJ must "ensure that there is sufficient development of the record and explanations of findings to permit meaningful review." Jones v. Barnhart, 364 F.3d 501, 505 (3d Cir. 2004). In this context, I note that the opinion of a consulting examiner is entitled to less weight than that of a treating physician, and the opinion of a non-examining source is entitled to the least weight. See Neal v. Colvin, 2015 U.S. Dist. LEXIS 87937, at *6 (W.D. Pa. July 7, 2015). Thus, "[a]lthough opinions from a consultative examiner must be considered, the ALJ is free to reject some of those opinions or to reject them outright as long as he sufficiently explains his decision, … and does not reject the opinions 'for no reason or for the wrong reason.'" Scott v. Colvin, 2014 U.S. Dist. LEXIS 105212, at *21 (W.D. Pa. Aug. 1, 2014).

Here, I appreciate Plaintiff's concern about the danger of circular reasoning – i.e., a claimant has no treatment records; the ALJ obtains consultative opinions to augment the record; and then the ALJ rejects those opinions due to the lack of treatment. In this case, however, Plaintiff's lack of medical treatment was not the ALJ's sole reason for rejecting the subject opinions; instead, he found Dr. Landenfeld's opinion unsupported by the overall record and Dr. Landefeld's own essentially normal examination. Dr. Schiller's opinion, in turn, was given little weight because he relied on Dr. Landefeld's rejected report.[1] Moreover, the ALJ did not substitute his own lay opinion as to Plaintiff's mental impairment. This concern arises, for example, when an ALJ inserts a limitation into an RFC, despite the fact that no medical source

---

[1] I am bound to review only the decisional grounds offered by the ALJ, and do so here. Nonetheless, as an aside, I note that Dr. Landefeld's conclusions regarding Plaintiff's ability to respond to work pressures and interact other people were based on her "difficulty with stress," which his report reflects was based on Plaintiff's self-reporting, rather than a clinical finding. Moreover, his conclusion regarding her moderate impairment in carrying out detailed instructions was based on "difficulty with concentration." In turn, his clinical finding that Plaintiff's concentration "seem[s] to be impaired" was based solely on her inability to do serial sevens.

3

has opined to that limitation. Instead, here the ALJ explained why he rejected the two sources, and then refrained from filling the resulting void with his own judgment; it remained, as was the only option under the circumstances, a void. As discussed supra, I am precluded from re-weighing the evidence. Accordingly, I find that the ALJ's approach and explanation were adequate. Cf. Scott, 2014 U.S. Dist. LEXIS 105212, at \*\*22-23.

As a final matter, Plaintiff's contention that her part-time work does not equate to a finding of non-disability is well-taken, but misplaced. The ALJ did not, in fact, conclude that because Plaintiff works part time, she was not disabled. Instead, he considered her employment in the context of the severity of her impairments, and when assessing her complaints and symptoms.

## CONCLUSION

In conclusion, the ALJ's decision was supported by substantial evidence. Accordingly, Plaintiff's Motion will be denied and Defendant's granted. An appropriate Order follows.

## ORDER

AND NOW, this 4th day of September, 2015, it is hereby ORDERED, ADJUDGED, and DECREED that Plaintiff's Motion is DENIED and Defendant's GRANTED.

BY THE COURT:

/s/Donetta W. Ambrose

Donetta W. Ambrose

Senior Judge, U.S. District Court